# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | CASE NUMBER: 8:08-cr-347-T-30TBM |
| vs. | USM NUMBER: 50344-018 |
| RANDY NOWAK | Defendant's Attorney: William Sites, ret. |

THE DEFENDANT:

\_ pleaded guilty to count(s)
\_ pleaded nolo contendere to count(s) which was accepted by the court.
X was found guilty on count(s) ONE and TWO of the Indictment after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1114 | Attempt to Murder an Officer or Employee of the United States | July 31, 2008 | One |
| 18 U.S.C. § 1958 | Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire | July 31, 2008 | Two |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

\_ The defendant has been found not guilty on count(s)
\_ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: March 5, 2009

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: March 5, 2009

# IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THREE HUNDRED and SIXTY (360) MONTHS. This term consists of TWO HUNDRED and FORTY (240) MONTHS as to Count One of the Indictment and ONE HUNDRED and TWENTY (120) MONTHS as to Count Two of the Indictment. These terms of imprisonment shall be served consecutive to each other.

_X_ The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed at FCI Coleman (FL), if possible.

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

   ___ at ___ a.m./p.m. on ___.
   ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   ___ before 2 p.m. on ___.
   ___ as notified by the United States Marshal.
   ___ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

   Defendant delivered on _____ to _____
___ at _____, with a certified copy of this judgment.

                                        _____
                                        United States Marshal

                                  By: _____
                                        Deputy United States Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release (Judgment in a Criminal Case)

Defendant: RANDY NOWAK
Case No.: 8:08-cr-347-T-30TBM

Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Counts One and Two of the Indictment. These terms of supervised release shall be served concurrently with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X     The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X     The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The Court orders random drug testing not to exceed 104 tests per year.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $200.00 | Waived | N/A |

— The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

— The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals:** | $ ___ | $ ___ | |

– Restitution amount ordered pursuant to plea agreement $ _____.

– The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

– The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  – the interest requirement is waived for the ___ fine ___ restitution.

  – the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  **X**  Lump sum payment of $ __200.00__ due immediately, balance due

      ___ not later than _____, or

      ___ in accordance  ___ C,  ___ D,  ___ E or  ___ F below; or

B.  ___  Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  ___  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  ___  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

**X** The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees. The Court makes final the Preliminary Order of Forfeiture and makes it part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CASE NO. 8:08-cr-347-T-30TBM

RANDY NOWAK,

    Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the filing of the Motion (Doc. 98) of the United States of America for Entry of a Preliminary Order of Forfeiture, which shall be a final order as to defendant Randy Nowak's right, title, and interest in the following property:

    a.    $20,000.00 in United States currency; and

    b.    One 2005 Ford Excursion, Green, Vehicle Identification Number 1FMNU44P35EA57789.

Being fully advised in the premises, the Court finds that the government has established the requisite *nexus* between the crimes in violation of 18 U.S.C. §§ 1114 and 1958, for which defendant Randy Nowak has been found guilty in Counts One and Two of the Indictment, in a scheme to murder a federal employee. Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the motion (Doc. 98) of the United States is GRANTED.

All right, title, and interest of defendant Randy Nowak in the $20,000.00 in U.S. currency and the 2005 Ford Excursion, more particularly described above, are hereby condemned and forfeited to the United States of America for disposition according to law, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 981(a)(1)(G)(iii), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2).

Following entry of this order, the United States, pursuant to 21 U.S.C. § 853(n), incorporated under the provisions of 28 U.S.C. § 2461(c), will publish (in such a manner as the Attorney General may direct) notice thereof and its intent to dispose of the forfeited property. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the above-described, as a substitute for published notice as to those persons so notified.

Any person, other than the defendant, who has or claims any right, title, or interest in the above-described property must file a petition with this Court for a hearing to adjudicate the validity of his or her alleged interest in the forfeited . The petition shall be mailed to the Clerk of the United States District Court, Tampa Division, 801 North Florida Avenue, Tampa, Florida 33602, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. A copy of the petition shall be mailed to A. Brian Albritton, United States Attorney,

2

attn: Adelaide G. Few, United States Attorney's Office, 400 North Tampa St., Suite 3200, Tampa, Florida 33602.

The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited, and any additional facts surrounding the petitioner's claim and relief sought.

After receipt of the petition by the Court, the Court will set a hearing to determine the validity of the petitioner's alleged interest in the forfeited.

Upon adjudication of all third-party interests in the above-described real property, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2 (c)(2), in which all interests will be addressed.

**DONE** and **ORDERED** in Tampa, Florida on February 19, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2008\08-cr-347.forfeiture 98.wpd

3